OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 5, 2001

The Honorable Virginia K. Treadwell
McCulloch County Attorney
Courthouse, Room 302
Brady, Texas 76825

Opinion No. JC-0385

Re: Whether a county commissioner may serve as a voluntary fire fighter (RQ-0335-JC)

Dear Ms. Treadwell:

You ask whether a county commissioner may serve as a volunteer fire fighter for an unincorporated city in his county. For the reasons explained below, we conclude that he may do so.

You explain that a newly elected commissioner for McCulloch County has served as a member of the volunteer fire department for the City of Lohn since 1975. Lohn is an unincorporated town of approximately 100 persons that is located in McCulloch County.[1] As a volunteer fire fighter, the commissioner "responds to calls and attends monthly meetings," but receives no compensation for his services.[2]

You indicate that the commissioners court donates $400 per year to each of the six volunteer fire departments in McCulloch County, including Lohn. "There are no stipulations or conditions placed on how the money is spent and the commissioners have no control over how the money is utilized."[3] Furthermore, the "Lohn VFD is not under the control of McCulloch County. It is not housed on county property and is not led by a chief who must be approved by the county commissioners court."[4]

Article XVI, section 40 of the Texas Constitution prohibits an individual from simultaneously holding more than one office of emolument. See TEX. CONST. art. XVI, § 40. A volunteer fire fighter does not hold an office. See Tex. Att'y Gen. Op. No. H-665 (1975) at 2; Tex.

---

[1]See Letter from Honorable Virginia K. Treadwell, McCulloch County Attorney, to Honorable John Cornyn, Texas Attorney General (Jan. 2, 2001) (on file with Opinion Committee).

[2]Id.

[3]Id.

[4]Brief from Honorable Virginia K. Treadwell, McCulloch County Attorney, to Honorable John Cornyn, Texas Attorney General, at 2 (Mar. 19, 2001) (on file with Opinion Committee).

Att'y Gen. LO-93-054, at 1; Tex. Att'y Gen. LA-154 (1978) at 1. Thus, article XVI, section 40 does not preclude the commissioner from serving as a volunteer fire fighter.

The common-law doctrine of incompatibility bars a person from holding an office while at the same time holding an employment that is subordinate to that office. *See* Tex. Att'y Gen. Op. No. DM-55 (1991) at 1; Tex. Att'y Gen. LO-97-034, at 1; LO-90-045, at 1; Tex. Att'y Gen. LA-114 (1977) at 2-3. In Attorney General Letter Opinion 94-070, this office considered whether common-law incompatibility prohibited a member of the Hudson City Council from serving as a member of the Hudson Volunteer Fire Department. *See* Tex. Att'y Gen. LO-94-070. In that instance, the city owned the land on which the fire station was located and leased it to the volunteer fire department for $1.00 per year; and the city contributed $7000 per year to the maintenance of the department. *See id.* The opinion concluded that the doctrine of incompatibility did not bar the dual service, because "[t]he city does not control the HVFD or determine the duties of volunteer fire fighters." *Id.* at 2. In our view, this opinion controls the situation you present. The commissioners court of McCulloch County neither controls the Lohn Volunteer Fire Department nor determines the duties of its members.

Attorney General Opinion JC-0199 (2000) is not to the contrary. There, we found that a member of the Gilmer Volunteer Fire Department was prohibited by common-law incompatibility from simultaneously serving as a member of the Gilmer City Council. In that instance, however, the city charter had designated the volunteer fire department as the "Fire Department for the City of Gilmer." Furthermore,

> [a] fire chief, elected by the members of the department, must be "approved or denied by the City Council.". . . The fire chief is the chief administrative officer of the department and is fully responsible to the council for its administration and for enforcing the resolutions and ordinances of the city council. The chief, with the approval of the city manager, appoints and removes the *"employees"* of the department. Whereas the Hudson Volunteer Fire Department appears to have been a truly independent organization, the department in Gilmer is clearly under the control of the city, is housed on city property, and is led by a chief who must be approved by the city council.

Tex. Att'y Gen. Op. No. JC-0199 (2000) at 1 (citations omitted).

Unlike the department in the Gilmer case, but like the department in Hudson, the Lohn volunteer fire department is clearly *not* under the control of the Commissioners Court of McCulloch County. We conclude that a county commissioner of McCulloch County is not precluded from simultaneously serving as a member of the volunteer fire department of Lohn, a town located in that county.

## S U M M A R Y

A county commissioner of McCulloch County is not prohibited from simultaneously serving as a member of the volunteer fire department of Lohn, a town located in that county.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee